## PADRÓ *v.* VALDÉS.

### APPEAL from the District Court of San Juan.

No. 478.—Decided May 9, 1910.

DAMAGES AND LOSSES—FAILURE TO COMPLY WITH CONTRACT FOR THE HIRING OF SERVICES—RULES OF PROCEDURE IN MUNICIPAL COURTS.—The technical rules of procedure will not govern in proceedings before municipal courts, and where from an answer to a complaint it is deduced that the defendant attempted in good faith to answer the allegations contained in the complaint, such answer must be deemed sufficient, and it is open to discussion whether a defendant in a municipal court is obliged to file a written answer to the complaint.

ID.—JUDGMENT UPON THE PLEADINGS.—Where a defendant in an action for damages and losses, for breach of a contract for the hiring of services, denies that the defendant sent for the plaintiff to offer him a position, and alleges that the plaintiff sought and was given a position under certain conditions, which he accepted, but with which he failed to comply within the time stipulated,

and denying that plaintiff removed from a certain town at the request of defendant, such facts constitute a sufficient answer to a complaint for damages and losses, for the breach of a contract for the hiring of services.

ID.—PROOF OF ACTUAL DAMAGE.—But even supposing that the answer admitted the facts alleged in the complaint, the plaintiff would be obliged to prove the damages which he actually suffered.

ID.—HIRING OF SERVICES BY THE MONTH.—Where the plaintiff bases his claim for damages on a breach of the contract for the hiring of services by the month, even supposing that there was a breach of the contract, he would only be entitled to recover for one month's salary as damages.

ID.—CONFLICTING EVIDENCE.—Where the evidence introduced at the trial is contradictory, the judgment will generally be affirmed.

The facts are stated in the opinion.

*Mr. José Pesquera* for appellant.

*Mr. José Oller* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an action begun in the municipal court of Bayamón to recover the sum of $450 for damages. The complaint sets up that the defendant was running a railroad and steamboat business between the town of Bayamón and the city of San Juan, and on April 19, 1908, the complainant was an employe in the works of the Ciales road and was earning, as foreman, wages at the rate of $1 a day; that the defendant, Ramón Valdés, has his son, Ramón Valdés, Jr., in charge of his business "Línea Ferrea del Oeste," as administrator and legal representative; that on the aforesaid day, Ramón Valdés, Jr., in his capacity as representative of Ramón Valdés, caused the complainant to come hurriedly from his residence in Ciales to Bayamón, making him in this way leave his family and occupation that, as aforesaid, he had in Ciales on account of the hurry call with which he was summoned by the telegram which Valdés sent him; that as soon as he arrived at Bayamón he called on Valdés, who informed him that from the moment he was employed as a conductor in the Línea Férrea del Oeste, it being previously agreed that he should take possession of the job within three days, after providing himself with a regulation suit; that, trusting to the good faith of Valdés, he ordered the suit from the tailor,

Juan Peguero, and with the knowledge of Valdés, went to Ciales and sold all the furniture of his home for a sum less than their value and brought all his family to Bayamón, notwithstanding the delicate state of health of his wife who was about to give birth to a child and very near the time; that arriving in Bayamón with his family he went to the defendant in order to be put in possession of the job for which, as stated in fact 5 of this complaint, he had been appointed, but defendant refused to do so for futile and groundless excuses; that, as can be seen from the foregoing facts, defendant has not fulfilled the engagement contracted with the plaintiff, that under these circumstances plaintiff applied again for the job of foreman that Valdés had caused him to give up in Ciales, but that another man had been put in his place and he could not get it; that as a consequence of the foregoing and of the defendant not having fulfilled the engagement contracted with the plaintiff, the latter has suffered damages that could not be assessed at less than $450; that notwithstanding the fact that the plaintiff has required the defendant to pay him said sum, said defendant has refused and still refuses and, therefore, the plaintiff prays the court to render, at the proper time, a final judgment condemning the defendant to the payment of $450 to the plaintiff, as damages, with costs.

The defendant answered the complaint substantially as follows: The defendant appears through his counsel in the case referred to, and states: That he denies plaintiff's claim, opposing the same on the following grounds: First, that defendant is not running a railroad business between Bayamón and San Juan; second, it is not true that defendant's son summoned the plaintiff to offer him a job in defendant's business; plaintiff was summoned for quite a different purpose, his expenses having been reimbursed; third, when the business for which plaintiff had been summoned was over, he applied for a job in defendant's business, and said job was given him after some objections, and under certain condi-

tions which plaintiff accepted and with which he did not comply within the time given him, for which reason the job was given to somebody else; fourth, it is not true that plaintiff went to Ciales with either defendant's or his son's knowledge, and still less did he inform them that he was going to sell his furniture for a small price, nor that his wife was pregnant and near her time. From the foregoing facts, which will be duly proven, it appears that defendant has not failed to comply with any engagements, nor is he to be responsible for damages that plaintiff alleges to have suffered; and, therefore, he prays the court to dismiss the complaint with costs against the plaintiff.

Thereupon the complainant moved for a judgment on the pleadings which the municipal court overruled. The case was appealed to the District Court of San Juan and that court refused to grant a similar motion. The case then went to trial, where, before any evidence was submitted, the complainant prayed for judgment on substantially the same grounds and judgment was again denied. There was some conflict in the proof, principally as to whether complainant was summoned by telegram in the interest of Valdés or in complainant's own interest, the latter alleging that the purport of the telegram made it appear that he, the complainant, was to come in his own interest. The defendant offered proof tending to show that the complainant came merely because the defendant wanted said complainant as a witness in the Federal Court. There was other conflict of evidence as to whether it was the defendant or the complainant who first sought the other to make the contract of employment about which this suit hinges. Also, as to whether it was the complainant or the defendant who failed to comply with the alleged contract.

Specific items of damages are not proved beyond the fact that the complainant did not get or did not retain the employment as a conductor, for which he alleged he was to be under, his services at a salary of $30 a month. There were allega-

tions that his wife was in a delicate condition and that said complainant was compelled to sell his furniture at a loss when he moved from Ciales and that he was compelled to purchase the uniform as conductor, which he could not use thereafter, the value of which was not shown.

The principal error alleged in this appeal is the failure of the court to enter a judgment on the pleadings. It must be remembered that this was an action brought in the municipal court wherein the technical rules of pleading cannot be held to apply, and if from an answer it may be fairly gathered that a defendant is attempting in good faith to meet the allegations of the complaint, such answer must be held to be sufficient. Indeed, we do not see that in an action of this character anything more is required of a defendant in order to prevent a judgment being taken against him in a municipal court than for him to appear and controvert the proof that may be offered by the complainant. Similar principles apply with regard to practice when the case is tried on appeal in the District Court of San Juan. Some of the objections made by the complainant to the answer might avail him in a technical proceeding in a court of record for the purpose of attacking some of the facts alleged by the complaint confessed by the defendant, but, under the answer here submitted, we do not think that the court would have been entitled to render a judgment on the pleadings. There are enough facts definitely denied to put the complainant to his proof.

We think, moreover, on the authority of *Sabater* v. *Irizarry* [15 P. R. Rep., 526], decided by this court on June 25, 1909, that even if the court had been in a position to render a judgment on the pleadings, the complainant would still have had to prove his damages. This he did not seem to be able to do at the trial, beyond the fact of his lack of employment and the other slight matters to which we have referred.

Complainant in this court maintained that his action was one of negligence, but the averment of the complaint is a failure to perform a contract; in other words, a breach of

contract. ·For the breach of this contract the complainant, at most, would have been entitled to recover a month's wages, if all that he alleges in his complaint were true, but in no case could he have recovered for the other things on which he relies, because it was always within the legal rights of the defendant to dispense with the services of the complainant at the expiration of any one month. The complainant did not allege nor attempt to prove a contract of services for a longer period.

In any view of the case, as there was a conflict of proof in the case as to the main facts on which complainant relies, the finding of the lower court must not be disturbed and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justice MacLeary concurred.

Justices Figueras and del Toro did not take part in the decision of this case.